UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DORIAN GETLIN,

               Plaintiff,

  - against -

P.O. JOHN ZOLL and THE INCORPORATED
VILLAGE OF HEMPSTEAD,

               Defendants.
----------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

        Plaintiff, DORIAN GETLIN, by his attorney, ALAN D. LEVINE, ESQ., as and for his complaint herein, hereby alleges as follows:

## JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourteenth amendment to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages, both compensatory and punitive, as well as attorney's fees, for battery and negligence.

## VENUE

    5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

    6.    Plaintiff hereby demands a trial by jury of all issues in this action that are

so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, DORIAN GETLIN, was and is a natural person, resident in the County of Nassau, State of New York.

8. At all times relevant hereto, defendant P.O. JOHN ZOLL (hereinafter "ZOLL") was and is a natural person, employed as a police officer by the Police Department of defendant INCORPORATED VILLAGE OF HEMPSTEAD.

9. At all times relevant hereto, defendant INCORPORATED VILLAGE OF HEMPSTEAD (hereinafter "VILLAGE") was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

10. Defendant ZOLL is sued in his individual capacity as well as in his capacity as an employee of defendant VILLAGE.

11. On or about April 7, 2008, pursuant to an order of Supreme Court of the State of New York, Nassau County, filed in the office of the Nassau County Clerk on or about March 27, 2008, permitting late filing of a notice of claim with regard to the incident complained of hereinbelow, plaintiff served upon the Village Clerk of defendant VILLAGE a verified, written notice of claim setting forth the time, place, nature and manner in which said claim arose.

12. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the VILLAGE has neglected and refused to make payment of said claim.

13. This action is commenced within one year and ninety days from the date the causes of action herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT ZOLL
## (42 U.S.C. § 1983)

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15. On or about February 16, 2007, at approximately 2:45 A.M., in the roadway in front of the premises 1895 Bushwick Avenue, Merrick, Town of Hempstead, County of Nassau, State of New York, plaintiff was in a motor vehicle that was surrounded by police officers employed by the Nassau County Police Department and the Village of Hempstead Police Department, including defendant ZOLL.

16. The aforementioned location was a cul de sac.

17. Plaintiff had arrived at the aforementioned location after being followed by several Village of Hempstead and Nassau County police officers subsequent to his purchase of narcotics on Terrace Avenue in the Village of Hempstead.

18. At the aforementioned time and place, plaintiff had brought his motor vehicle to a full stop.

19. Plaintiff heard several police officers scream at him to get out of his car and several others scream at him to freeze and not move.

20. Plaintiff placed both his hands in front of his steering wheel so that they would be visible to the aforementioned police officers and, his driver's side window being partially opened, screamed at the officers not to shoot him.

21. Defendant ZOLL fired his service weapon and wounded plaintiff.

22. Several of the aforementioned police officers, upon information and belief including defendant ZOLL, smashed the driver's side window of plaintiff's vehicle with their batons, dragged plaintiff out through the window, threw him onto the ground and kicked and stomped him in his ribs, head and neck for approximately 30 to 60 seconds.

23. An ambulance arrived and plaintiff was taken to a hospital.

24. Defendant ZOLL violated plaintiff's right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that, acting under color of state law, he, without any cause or provocation whatsoever, shot and wounded him and then beat him.

25. Because of the aforesaid acts committed by defendant ZOLL, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States and, as a result, suffered and continues to suffer serious, severe and permanent physical and emotional injuries, has undergone and will continue to undergo medical treatment for his injuries, and has incurred and will continue to incur medical expenses.

26. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant ZOLL, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ZOLL.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST <u>BOTH DEFENDANTS</u>
### (Battery)

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" hereinabove as if more fully set forth at length herein.

28. On or about February 16, 2007, at approximately 2:45 A.M., at a cul de sac in the roadway in front of the premises known as 1895 Bushwick Avenue, Merrick, Town of Hempstead, County of Nassau, State of New York, defendant ZOLL, without probable cause, offensively touched plaintiff by shooting and wounding him and then beating him.

29. At the aforesaid time and place, defendant ZOLL was acting within the scope of his employment by defendant VILLAGE.

30. By reason of the aforesaid battery committed against him by defendant ZOLL, while he was acting within the scope of his employment by defendant VILLAGE, plaintiff suffered and continues to suffer serious, severe and permanent physical and emotional injuries, has undergone and will continue to undergo medical treatment for his injuries and has incurred and will continue to incur medical expenses.

31. At a result of the battery committed upon him by defendant ZOLL, while he was acting within the scope of his employment by defendant VILLAGE, plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ZOLL.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### BOTH DEFENDANTS
### (Negligence)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" hereinabove as if more fully set forth at length herein.

33. On or about February 16, 2007, at approximately 2:45 A.M., at a cul de sac in the roadway in front of the premises known as 1895 Bushwick Avenue, Merrick, Town of Hempstead, County of Nassau, State of New York, defendant ZOLL, without probable cause, negligently, recklessly and carelessly harmed plaintiff by shooting and wounding him.

34. At the aforesaid time and place, defendant ZOLL was acting within the scope of his employment by defendant VILLAGE.

35. As a result of the aforesaid recklessness, carelessness and negligence of defendant ZOLL, while he was acting within the scope of his employment by defendant VILLAGE, and through no culpable conduct of his own, plaintiff suffered and continues to suffer serious, severe and permanent physical and emotional injuries, has undergone and will continue to undergo medical treatment for his injuries and has incurred and will continue to incur medical expenses.

36. As a result of the aforementioned recklessness, carelessness and negligence of defendant ZOLL, while he was acting within the scope of his employment by defendant VILLAGE, and through no culpable conduct of his own, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ZOLL.

WHEREFORE, plaintiff, DORIAN GETLIN, demands judgment against defendants, P.O. JOHN ZOLL and THE INCORPORATED VILLAGE OF HEMPSTEAD, as follows:

FIRST CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ZOLL;

SECOND CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ZOLL;

THIRD CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant ZOLL.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
May 8, 2008

*/signature/*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
718-793-6363
File No. 2077