UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DORIAN GETLIN,

              Plaintiff,

    -against-                                      **MEMORANDUM & ORDER**

P.O. JOHN ZOLL and THE INCORPORATED        Civil Action No. 08-1872
VILLAGE OF HEMPSTEAD,                              (DRH)(AKT)

              Defendant.
------------------------------------------------------------X

**APPEARANCES:**

**For Plaintiff:**
**Law Offices of Alan D. Levine**
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, NY 11415
By:    Alan D. Levine, Esq.

**For Defendants:**
**Jaspan Schlessinger LLP**
300 Garden City Plaza, 5th Floor
Garden City, New York 11530
By:    Laurel R. Kretzing, Esq.
        Seth Presser, Esq.

**HURLEY, Senior District Judge:**

      Dorian Getlin, ("Plaintiff"), is suing Police Officer John Zoll and the Incorporated Village of Hempstead, ("Defendants"), pursuant to 42 U.S.C. § 1983 and various New York state laws, alleging, *inter alia,* that Defendants violated his Eighth Amendment rights by subjecting him to excessive force when Officer Zoll shot and injured Plaintiff with his service weapon. Now before the Court is Defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. No. 12.) It is worth noting that Defendants' motion to dismiss is premised on qualified immunity from suit. Defendants assert that they are entitled to qualified

immunity because of the statements Plaintiff made during his plea testimony. For the reasons that follow, the motion is converted into a Rule 56 motion for summary judgment.

## Facts

On or about February 16, 2007, at approximately 1:30 A.M., Plaintiff left his house, and while under the influence of drugs and/or alcohol, drove a borrowed automobile to Terrace Avenue in the Village of Hempstead and purchased narcotics. Plaintiff was then pursued by Defendants, and a low-speed pursuit ensued. The pursuit ended on a dead-end street at approximately 2:45 A.M. Defendant officers blocked the exit, and Plaintiff attempted a u-turn with the automobile. Village of Hempstead police officers, including Police Officer Zoll, approached Plaintiff's vehicle with their weapons drawn. What happened next is disputed. Plaintiff states in his complaint that his vehicle was at a "full stop [and he] screamed at the officers not to shoot him." (Comp. ¶ 18, 20.) Defendants, relying upon Plaintiff's statement at his plea hearing assert that "with an officer near enough to [Plaintiff's] car to create a substantial risk of serious bodily injury, [Plaintiff] pressed on the accelerator of his vehicle to go forward." (Dkt. No. 12, Part 3, at 2.) Defendant Zoll then fired his service weapon at Plaintiff, injuring Plaintiff. Plaintiff was then arrested and taken into police custody.

## Discussion

### I. Motion to Dismiss Standard

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 562. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual

3

> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line between possibility
> and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - that the pleader is entitled to relief." *Id.* at 1950.

## II. Documents Properly Considered on the Motion to Dismiss

In determining a motion to dismiss, a court's "review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court "may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral'" to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (*citing Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)).

"When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. R. 56 and afford all

4

parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted).

As part of their motion to dismiss, Defendants have submitted Plaintiff's plea testimony in which he pled guilty to reckless endangerment in the second degree, and operating a motor vehicle under the influence of alcohol or drugs. However, Plaintiff's "guilty plea and the minutes of that plea are matters outside the pleadings which *should not be considered* on a Rule 12(b)(6) motion." *380544 Canada, Inc. v. Aspen Technology, Inc.*, 544 F. Supp. 2d 199, 222 n.13 (S.D.N.Y. 2008) (emphasis added) (*citing Global Network Communs., Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir.2006)).

### III. The Motion to Dismiss is Converted to a Motion for Summary Judgment

It is appropriate to convert this motion into one for summary judgment because "[q]ualified immunity is an immunity from suit and not just a defense to liability." *Iqbal v. Hasty*, 490 F.3d 143, 152 (2d Cir. 2007) (citation omitted). Accordingly, "a ruling on [qualified immunity] should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *see also Plummer v. Quinn*, 07-CV-6154, 2008 WL 199702, at *7 (S.D.N.Y. Jan. 24, 2008) (stating that a defendant is entitled to have a court "decide whether [they are] entitled to qualified immunity as early as possible").

Accordingly, Defendants' motion to dismiss is converted to one for summary judgment and the Court shall establish a briefing schedule so that all parties are "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

**Conclusion**

For the reason set forth above, the motion to dismiss is hereby converted to a motion for summary judgment and the following briefing schedule is established. Defendants shall serve (but not file) moving papers on or before September 1, 2009; Plaintiff shall serve (but not file) opposing papers on or before September 22, 2009; Defendants shall serve reply papers, if any, and file all papers with the Court pursuant to the bundle rule, including a courtesy copy for Chambers, on or before October 1, 2009.

**SO ORDERED.**

Dated: Central Islip, New York
August 11, 2009

/s/
Denis R. Hurley
Senior District Judge