UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DORIAN GETLIN,

               Plaintiff,                    **MEMORANDUM & ORDER**
                                            08 CV 1872 (DRH)(AKT)

   -against-

P.O. JOHN ZOLL, and THE INCORPORATED
VILLAGE OF HEMPSTEAD,

               Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Alan D. Levine, Esq.**
Attorneys for Plaintiff
80-02 Kew Gardens Road
Kew Gardens, New York 11415

**Harris Beach PLLC**
Attorneys for Defendants
333 Earle Ovington Boulevard, Suite 901
Uniondale, New York 11553
By:    Keith M. Corbett, Esq..

**HURLEY, Senior District Judge:**

       Plaintiff brings this action alleging that defendants subjected him to excessive force and battery. Presently before the Court is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons discussed below, defendants' motion is denied in its entirety.
.

## BACKGROUND

       This is defendants' second motion for summary judgment in this case. The Court granted in part, and denied in part the previous motion, dismissing the §1983 claims against the Incorporated Village Of Hempstead (the "Village") under *Monell v. N. Y. City Dep't of Soc.*

*Servs.*, 436 U.S. 658, 691 (1978), but allowing the §1983 claims against Police Office John Zoll ("Zoll") to proceed as defendants failed to demonstrate that he was entitled to qualified immunity. *Getlin v. Zoll*, 707 F. Supp. 2d 369, 375 (E.D.N.Y. 2010)("*Getlin II*").

Defendants, apparently seizing on language in that decision that the "the claims against [] Zoll were no yet 'ripe for determination,'" (Defendants' Memorandum of Law in Support of the Motion for Summary Judgment ("Ds' Mot.") at 6 (citing *Getlin II*, 707 F.Supp. 2d at 379)), now bring this second motion for summary judgment after the close of discovery, notwithstanding the fact that the same material issues of fact identified by the Court in *Getlin II* still exist. As many of the background facts underlying plaintiff's claim have been set forth in the prior decisions in this case some familiarity with such facts is assumed.

The relevant events begin in the early morning hours of February 16, 2007 when plaintiff's attempt to outrun Village police officers in his car came to an abrupt end as he turned into a dead end street in the town of Merrick. By the time the chase was over that morning, more than 25 police cars had joined in the pursuit. The parties' versions of what transpired next differ starkly.

Plaintiff's version tells of the following sequence of events. Upon realizing that he had hit a dead-end, plaintiff attempted to turn his vehicle around, but was stymied by a number of police cars that had pulled in behind him and blocked the street. As commanded, he then "brought his motor vehicle to a complete stop[,] turned off the [car]," (Plaintiff's Statement Pursuant to Local Civil Rule 56.1 ("56.1 Stmnt.") ¶ 9), "pulled the keys out of the ignition and threw them onto the dashboard," (Transcript of Plaintiff's Deposition ("P's Dep.") at 119, attached to the Declaration of Alan Levine ("Levine Decl.") as Exhibit E.) At this point, a number of officers were already standing on both sides of plaintiff's car, pointing their weapons

at him. (P's Dep. at 123-25, 127). Plaintiff put his hands in the air and screamed "don't shoot, don't shoot." (P's Dep. at 125, 143.) Zoll then fired one shot from his sidearm through the driver's side window, hitting plaintiff in the left arm and chest. (P's Dep. at 125.) Thereafter, a number of unidentified officers pulled plaintiff from the car through the shattered driver's side window. (56.1 Stmnt. ¶ 10; P's Dep. at 128-29.) Those officers then cuffed plaintiff as he was pulled out (P's Dep. at 129), put him on the ground, and proceeded to kick him in the ribs, chest, back and head. (P's Dep. at 129-30.) An ambulance arrived shortly thereafter to transport him to the hospital.

Defendants provide a very different version of events. According to their version, the officers pursuing plaintiff entered the dead-end street, stopped, exited their vehicles, and ordered plaintiff to place his car in park and get out. (Deposition of Zoll ("Zoll Dep.") at 42-46.) Plaintiff refused to do so, choosing instead to turn his car around by driving onto three of the front lawns lining the street. (*Id.* at 43.) The officers again ordered plaintiff to stop the vehicle, but he refused. (*Id.* at 48-49.) Instead, he accelerated in the direction of Nassau County Police Officer Michael Mahoney who stood on an iced-over stretch of street between plaintiff's vehicle and two cars parked along the side. (*Id.* 45-49.) As the vehicle moved in Officer Mahoney's direction, plaintiff was again ordered to stop. (*Id.*) He did not, and Zoll fired a single shot at plaintiff. (*Id.* at 50.) The bullet entered plaintiff's left arm and chest. (South Oaks Hospital Physical Examination and Assessment at 2, attached to defendants' motion as Exhibit M.) The car veered away from Officer Mahoney, slowed, and eventually came to a stop. (Zoll Dep. at 51-52.) The officers approached and directed plaintiff to put the car in park and get out, but plaintiff remained seated with his hands on the steering wheel. (*Id.* at 52.) Plaintiff was then

removed from the vehicle through an open door. (*Id.* at 53.) He was never kicked or punched or battered.

## DISCUSSION

### I. LEGAL STANDARD

Summary judgment should be granted where the pleadings and admissible evidence offered to the Court demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). An issue of fact is genuine if the "evidence is such that a reasonable jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). Further, the relevant governing law determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Accordingly, where the undisputed facts demonstrate the union of all the required elements of a cause of action and no reasonable juror could find otherwise, the plaintiff is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existent of an element essential to that party's case.").

A party may defeat a motion for summary judgment only "by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of [an] element at trial." *Roe*, 542 F.3d at 36 (quoting *Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 100 (2d Cir. 1998)). The non-movant must advance "more than a

4

scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed.R.Civ.P. 56(e)).[1] Conclusory statements in affidavits or allegations in the pleadings are therefore insufficient to defeat a motion for summary judgment. *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

## II.   EXCESSIVE FORCE AND QUALIFIED IMMUNITY

### a.   Standard for Excessive Force Under the Fourth Amendment

The use of force exercised by police officers is considered excessive and in violation of a plaintiff's Fourth Amendment rights if such force "is objectively unreasonable 'in light of the facts and circumstances confronting them without regard to their underlying intent or motivation." *Maxwell v. City of N. Y.*, 380 F.3d 106, 108 (2d Cir. 2004) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

### b.   Standard for Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "When a defendant invokes qualified immunity to support a motion for summary

---

[1] The cited portion of FED.R.CIV.P. 56(e) was renumbered as Rule 56(c)(4) as part of the amendments to Rule 56 effective December 1, 2010

5

judgment, courts engage in a two-part inquiry: whether the facts shown 'make out a violation of a constitutional right,' and 'whether the right at issue was clearly established at the time of defendant's alleged misconduct.'" *Taravella v. Town of Wolcott*, 599 F.3d 129 (2d Cir. 2010)(citation omitted).

### c. Application

Defendants argue that plaintiff has failed to meet his burden here by suggesting, *inter alia*, that he "must establish by a preponderance of the evidence that the force used by the police officer was a violation of the Constitution." (Defendants' Memorandum of Law in Support of the Motion for Summary Judgment ("Ds' Mot.") at 7. Defendants' argument here reveals a fundamental misunderstanding of the parties' respective burdens at this stage of litigation.[2] If this case goes to trial, plaintiff would indeed have to prove his case by a preponderance of the evidence, as any plaintiff in a civil trial must do. But we are not at trial. This is a motion for summary judgment. Therefore, it is on the *defendants* to demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The parties' differing versions of the event, set forth above, clearly reflect a genuine dispute over facts that are patently material to this case. The Court need only recite the conclusions from its prior summary judgment decision in this case to illustrate that this genuine dispute *still* exists.

> If the Court were to accept Zoll's version of the facts, to wit, that he shot Plaintiff when Plaintiff accelerated his car with a Nassau County police officer near enough to create a substantial risk of injury to that officer, then the cases cited by Zoll, *e.g., Smith v. Freland*, 954 F.2d 343 (6th Cir. 1992); *Reese v. Anderson*, 926 F.2d 494 (5th Cit. 1991); *Costello v. Town of Warwick*, 273 Fed.

---

[2] This misunderstanding is further evidenced by defendants' repeated citation to *Merzon v. County of Suffolk*, 767 F. Supp. 432 (E.D.N.Y. 1991), a decision on a *post-trial* motion for directed verdict – an entirely different procedural posture than this case.

> Appx. 118 (2d Cir. 2008), would mandate the granting of Zoll's motion. However, the Court is required to view the facts in the light most favorable to the Plaintiff. Viewing the facts in that light requires denial of the motion. Zoll would not have had probable cause to believe that Plaintiff posed a significant threat of serious bodily injury once the Nassau Police Officer was no longer in danger and Plaintiff had stopped the car, turned off the engine, threw the keys on the dash, and put his hands in the air. Nor would it have been reasonable, once Plaintiff was shot and not resisting arrest, for the officers to drag his body through the window and kick and punch him. Moreover, it would be clear to a reasonable officer that this conduct was unlawful in the situation as viewed in the light most favorable to Plaintiff. *See generally Cowan*[ *v. Breen*, 352 F.3d 756, 764 n.7 (2d Cir. 2003)](in excessive force cases, analysis of qualified immunity and the Fourth Amendment often "converge on one question: Whether in the particular circumstances faced by the officer, a reasonable officer would believe that the force employed would be lawful").

*Getlin II*, 707 F. Supp. 2d at 378-79.

Although the parties have since had the benefit of discovery to flesh out the facts in this case, the parties' respective version of events have not changed in any material respect. The Court therefore adopts the excerpt above from *Getlin II* as the rationale for denying summary judgment *once again* on defendants' §1983 claims.

Despite that the underlying dispute remains materially unchanged, defendants nevertheless urge the Court to grant judgment in their favor because, they argue, plaintiff's alleged facts do not "conform with the evidence of the case." (Ds' Memo at 12.) Here, defendants suggest that plaintiff could not possibly have had his hands in the air, instead of on the steering wheel, because "if his hands were above his head, his chest would have been exposed and the bullet would not have entered his left arm." (Ds' Memo at 12.) While defendants insist that this evidence "clearly demonstrates that the Plaintiff's hands were on the

7

steering wheel," their theory actually requires a level of fact-finding that is appropriate only for a jury to make.

The Court is also not persuaded by defendants' analogy to the Second Circuit's summary order in *Costello v. Town of Warwick*, 273 Fed. Appx. 118 (2d. Cir 2008)(Summary Order). That case would perhaps have some bearing here if the Court were to accept defendants' version of the facts, and ignore plaintiff's. But as the Court made quite clear in its prior decision, and as is required under well-established precedent, the Court must view the evidence in the light most favorable to the non-movant. That requirement necessarily precludes disregarding plaintiff's version of events, as defendants appear to urge the Court to do here.

The Court is similarly unmoved by defendants' argument that it was objectively reasonable for Zoll to act as he did based on the fact that leading up to the moment in question plaintiff had led the police on a lengthy pursuit and drove his car up on several lawns. To the extent that such facts are coextensive with plaintiff's version of events, whatever reasonable belief Officer Zoll may have had that plaintiff posed a serious threat of serious physical harm to Officer Maloney would have ended once, as plaintiff alleges, the car was turned off, the keys were thrown on the dashboard, and plaintiff raised his hands in the air.

Defendants' motion for summary judgment on plaintiff's §1983 claims is therefore denied for a *second* time.

### III.  BATTERY

Defendants argue that plaintiff's claims for battery should be dismissed because Officer Zoll is protected by New York Penal Law §35.50. That statute provides a justification defense to police officers for whom "the use of deadly physical force is necessary to defend the police

8

officer or peace officer or another person from what the officer reasonably believes to be the use or imminent use of deadly physical force." N.Y. Penal Law § 35.30(1)(c).  Defendants' argument here fails substantially for the reasons that his §1983 arguments fail above, namely, that it would only have been reasonable for Zoll to believe that the deadly force was necessary if the Court disregards plaintiff's version of events.  Defendants' motion for summary judgment on plaintiff's claim for battery is therefore denied.

## CONCLUSION

Accordingly, defendants' motion for summary judgment is denied.[3]  As Magistrate Judge Tomlinson has certified this case as trial ready, the Court shall inform the parties shortly of the dates for a final pretrial conference with the undersigned and trial.

**SO ORERED**

Dated: Central Islip, New York
         March 28, 2012                                             /s/
                                                         Denis R. Hurley
                                                         United States District Judge

---

[3] Plaintiff has withdrawn his claim for negligence.  (*See* P's Opp. at 11.)